CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 12 2014

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WADE RICARDO GUMBS | ) | Civil No. 7:13-CV-00303 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | By: Samuel G. Wilson |
| DR. THEODORE THOMPSON, et al. | ) | United States District Judge |
| Defendants. | | |

Wade Ricardo Gumbs, a Virginia-housed inmate[1] proceeding *pro se*, brings this civil rights action under 42 U.S.C. § 1983 against Wallens Ridge State Prison ("WRSP") medical personnel, Theodore Thompson, M.D., Timothy McBride, M.D., Daniel Miller, M.D., and Nurse Vicki Harber, alleging denial of adequate medical care for chronic stomach pain. The defendants have moved for summary judgment. Gumbs' own allegations and uncontradicted medical records demonstrate that the defendants have not acted with deliberate indifference, and the court grants the defendants' motion.

I.

Gumbs has sought treatment at WRSP for chronic stomach pain from 2011 to 2013, during which time his uncontradicted medical records show that WRSP medical personnel saw him on at least 62 occasions and continued to see him after he filed this lawsuit. (ECF 18-2, 46-1) According to Gumbs' complaint, he had "several appointments" with Dr. Thompson, who "gave x-rays, blood tests and a prostrate [sic] examination," concluded that stress was causing the stomach pain, and indicated that a psychiatrist would speak with him. (Compl. at 4) At some point, Gumbs began seeing Dr. McBride, who "ordered additional tests in regards to [Gumbs']

---

[1] It appears that Gumbs is currently incarcerated in Virginia under a judgment order of the U.S. Virgin Islands. See Govt. of the Virgin Islands v. Gumbs, No. 147/2002 (V.I. Sup. Ct. 2002).

1

chronic stomach pain," diagnosed him with helicobacter pylori, and prescribed antibiotics. (Id.) Dr. McBride then sent Gumbs to Highlands Pathology, where he was "diagnosed with gastritis and hernia," for which Dr. McBride prescribed medication. (Id. at 5) Eventually, Gumbs began seeing Dr. Miller, who diagnosed him with "prostatitis in addition to gastritis and hernia," prescribed him medication, and sent him to Diagnostic Imaging Associates, an outside facility. (Id.) Based on these allegations, Gumbs claims the defendants were deliberately indifferent. The defendants have moved for summary judgment with supporting exhibits and affidavits, Gumbs has responded, and the matter is ripe for disposition.

## II.

The parties essentially agree about the diagnoses and treatment Gumbs received, but Gumbs disputes the efficacy of his treatment. Given the 62 occasions that WRSP medical personnel saw Gumbs, during which he received numerous evaluations, diagnoses, and treatments, it is clear that the defendants did not act with deliberate indifference.[2]

The Eighth Amendment proscribes prison officials from acting with deliberate indifference to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (per curiam); Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). To prevail on a deliberate indifference claim, an inmate must allege that he suffered a deprivation that was "objectively sufficiently serious" and "that subjectively the officials acted with a sufficiently culpable state of mind." De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003). This is "a very high standard" and a showing of

---

[2] A court should grant summary judgment when the pleadings, discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue of material fact is in dispute, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

mere negligence or medical malpractice will not suffice. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir.1999) (citation omitted). Instead, the medical provider's actions must have been "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Jackson, 536 F. App'x at 357. Generally, an inmate's "mere disagreement with the course of treatment provided by medical officers will not support a valid Eighth Amendment claim." Id. WRSP medical personnel saw Gumbs at least 62 times, evaluated him on numerous occasions, prescribed him various medications, and sent him to at least two outside medical facilities for further diagnostic procedures. Gumbs' dispute as to the effectiveness of the course of treatment he received is not cognizable under the Eighth Amendment. Rather, it is abundantly clear that the defendants conscientiously endeavored to evaluate, diagnose, and respond to Gumbs' medical needs.

## III.

For the foregoing reasons, the court will grant the defendants' motion for summary judgment.

**ENTER**: March 12, 2014.

_____
UNITED STATES DISTRICT JUDGE